UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **BRANDI REHMAN,** Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **TEXAS HEALTH RESOURCES,** <br><br> Defendant. | Case No. _____ <br><br> **JURY TRIAL DEMANDED** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** <br><br> **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COMPLAINT – COLLECTIVE/CLASS ACTION

Plaintiff—Brandi Rehman—brings this action individually and on behalf of all current and former hourly patient-facing care providers, who were subject to an automatic meal break pay deduction (collectively, "Plaintiff and the Putative Collective/Class Members"), and who worked for Defendant—Texas Health Resources ("THR")—anywhere in the United States, at any time from during the relevant time periods, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid straight time wages pursuant to Texas common law.

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, and a class action pursuant to the state laws of Texas under FED. R. CIV. P. 23, to recover unpaid straight time wages and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for THR at any time during the relevant time periods, through the final

disposition of this matter, and have not been paid for all hours worked, nor the correct amount of overtime in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion, and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time periods, THR knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek, and the proper amount of overtime on a routine and regular basis.

6. Specifically, THR's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' daily time even though they regularly performed (and continue to perform) compensable work "off the clock" through their respective meal-period breaks.

7. The effect of THR's practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, THR has failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked, and has failed to properly compensate them the proper amount of overtime under the FLSA and Texas state law.

8. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Texas state law.

9. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under Texas common law as a class action pursuant to FED. R. CIV. P. 23.

10. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class be certified as defined herein, with Plaintiff Rehman designated as the Class Representative of the Texas Class.

## II.
## THE PARTIES

12. Plaintiff—Brandi Rehman ("Rehman")—was employed by THR in Texas during the relevant time periods. Plaintiff Rehman did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The FLSA Collective Members are those current and former hourly patient-facing care providers who were employed by THR at any time from February 7, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Rehman worked and was paid.

14. The Texas Class Members are those current and former hourly patient-facing care providers who were employed by THR in Texas, at any time from February 7, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Rehman worked and was paid.

---

[1] The written consent of Brandi Rehman is attached hereto as Exhibit "A."

15. Defendant Texas Health Resources is a domestic not for profit corporation, licensed to and doing business in the State of Texas, and may be served through its registered agent for service of process: **Donald B. Collins, 612 E. Lamar Blvd, Ste. 1400, Arlington, Texas 76011.**

# III.
# JURISDICTION & VENUE

16. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17. This Court has supplemental jurisdiction over the additional Texas state law claims pursuant to 28 U.S.C. § 1367.

18. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

19. This Court has general and specific personal jurisdiction over THR because Texas qualifies as its home state and because THR employed Plaintiff in Texas.

20. Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Additionally, THR's corporate headquarters are in Arlington, Texas, which is located within this District and Division.

# IV.
# BACKGROUND FACTS

22. Defendant THR operates several healthcare facilities providing healthcare services to its patients throughout North Texas.[2]

---

[2] https://www.texashealth.org/About-Texas-Health.

23. To provide its services, THR employed (and continues to employ) numerous hourly patient-facing care providers—including Plaintiff and the individuals that make up the putative collective and class.

24. Plaintiff and the Putative Collective/Class Members were (and are) employed by THR as non-exempt, patient-facing care providers who had (and continue to have) a meal break automatically deducted from their daily time.

25. Plaintiff and the Putative Collective/Class Members' job titles include (but are not limited to): Nurse Assistant, Nurse Technician, Medical Assistant, Registered Nurse, Behavior Health Technician, Certified Nurse Assistant, and Licensed Practical Nurse.

26. Plaintiff and the Putative Collective/Class Members' job duties include assisting with treatments ordered by doctors, assisting medical professionals, interviewing patients, measuring vital signs, recording patient information, assessing patients, answering phones, checking on patients, answering patient questions, and more generally providing direct care for THR's patients.

27. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout THR's facilities.

28. Importantly, none of the FLSA exemptions relieving a covered employer (such as THR) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

29. Plaintiff Rehman has been employed by THR in McKinney, Texas as a Medical Assistant since approximately February 2022.

30. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties.

31. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure.

32. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of THR resulting in the complained of FLSA and Texas state law violations.

33. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties – specifically, in that they all provide patient-facing healthcare services on behalf of THR.

34. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure – specifically, in that they are all paid on an hourly basis and have at least a 30-minute meal break deducted automatically from their daily time.

35. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of THR resulting in the complained of FLSA and Texas state law violations.

36. Plaintiff and the Putative Collective/Class Members were typically scheduled to work three (3) or four (4) 12-hour shifts a week, which equates to thirty-six (36) or forty-eight (48) hours per week—these are referred to as "on-the-clock" hours.

37. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members regularly worked between one-and one-half to two hours "off-the-clock" per week and have not been compensated for that time.

38. THR has a policy (and practice) to automatically deduct a 30-minute meal periods from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

39. Specifically, non-exempt employees, such as Plaintiff and the Putative Collective/Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked each shift.

40. Despite automatically deducting thirty (30) minutes of time from Plaintiff and the Putative Collective/Class Members' daily time, THR does not completely relieve Plaintiff and the Putative Collective/Class Members from duty during their shift for the purposes of taking their meal break(s).

41. THR's policies require Plaintiff and the Putative Collective/Class Members to assist patients whenever a patient requests or needs assistance, even if on an unpaid meal break.

42. Plaintiff and the Putative Collective/Class Members are prohibited from ignoring patients in need of assistance pursuant to THR's policies.

43. Plaintiff and the Putative Collective/Class Members are required to perform duties, whether active or inactive, during all hours of their shift.

44. Due to these requirements, Plaintiff and the Putative Collective/Class Members are frequently unable to receive sufficient time to have an uninterrupted meal break due to their constant patient calls and duties.

45. THR was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and Texas state law.

46. Specifically, Plaintiff and the Putative Collective/Class Members alerted their THR managers that they are frequently unable to take a full undisturbed thirty-minute meal break.

47. THR's systematic deduction of thirty (30) minutes each day from Plaintiff and the Putative Collective/Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Texas state law.

48. Specifically, when Plaintiff and Putative Collective/Class Members worked three (3) twelve-hour shifts in a week and did not receive a meal break during any shift, THR's deduction

resulted in Plaintiff and the Putative Collective/Class Members not being paid for one and one-half hours of compensable straight time work.

49. When Plaintiff and the Putative Collective/Class Members worked four (4) twelve-hour shifts in a week and did not receive a meal break during any shift, THR's deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for two hours of compensable overtime work.

50. As a result of THR's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and the Texas state law.

51. THR knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

52. THR knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

53. THR knew or should have known that automatically deducting thirty minutes for a meal break, while it simultaneously caused and required Plaintiff and the Putative Collective/Class Members to perform necessary during that meal break while "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

54. Because THR did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, THR's pay policies and practices willfully violated (and continue to violate) the FLSA.

55. Because THR did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, THR's pay policies and practices violated (and continue to violate) Texas state law.

56. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to Texas state law.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Collective Action Allegations)

**A. FLSA COVERAGE**

57. The preceding paragraphs are incorporated as though fully set forth herein.

58. The "FLSA Collective" is defined as:

**ALL HOURLY PATIENT-FACING CARE PROVIDERS WHO WORKED FOR TEXAS HEALTH RESOURCES, AT ANY TIME FROM FEBRUARY 7, 2020 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("FLSA Collective" or "FLSA Collective Members").**

59. At all material times, THR has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

60. At all material times, THR has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

61. At all material times, THR has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or

in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

62. Specifically, THR operates numerous health care facilities in Texas, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

63. During the respective periods of Plaintiff and the FLSA Collective Members' employment by THR, these individuals provided services for THR that involved interstate commerce for purposes of the FLSA.

64. In performing work for THR, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

65. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted THR's customers and employees throughout the United States. 29 U.S.C. § 203(j).

66. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

67. The proposed class of similarly situated employees—that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 58.

68. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of THR.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

69. THR violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

70. Moreover, THR knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

71. THR knew or should have known its pay practices were in violation of the FLSA.

72. THR is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

73. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted THR to pay them according to the law.

74. The decision and practice by THR to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

75. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

76. All previous paragraphs are incorporated as though fully set forth herein.

77. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of THR's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

78. Other similarly situated employees of THR have been victimized by THR's patterns, practices, and policies, which are in willful violation of the FLSA.

79. The FLSA Collective Members are defined in Paragraph 58.

80. THR's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of THR, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

81. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

82. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

83. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

84. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

85. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and THR will retain the proceeds of their violations.

86. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

87. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 58.

## COUNT TWO
### (Class Action Allegations)

**A. VIOLATIONS OF TEXAS COMMON LAW**

88. All previous paragraphs are incorporated as though fully set forth herein.

89. Plaintiff Rehman further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

90. The "Texas Class" is defined as:

**ALL HOURLY PATIENT-FACING CARE PROVIDERS WHO WORKED FOR TEXAS HEALTH RESOURCES, IN THE STATE OF TEXAS AT ANY TIME FROM FEBRUARY 7, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("Texas Class" or "Texas Class Members").**

91. The Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of THR.

92. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA and are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

93. The Plaintiff Rehman and the Texas Class Members provided valuable services—their labor—to THR, at THR's direction and with THR's acquiescence.

94. THR accepted Plaintiff Rehman and the Texas Class Members' services and benefited from their timely dedication to THR's patients.

95. THR was aware that Plaintiff Rehman and the Texas Class Members expected to be compensated for the services they provided to THR.

96. THR has therefore benefited from services rendered by the Plaintiff Rehman and the Texas Class Members, and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

97. Accordingly, the Texas Class should be certified as defined in Paragraph 90.

**B.  TEXAS CLASS ACTION ALLEGATIONS**

98. Plaintiff Rehman and the Texas Class Members bring their Texas common law claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by THR to work in Texas since February 7, 2019.

99. Class action treatment of Plaintiff Rehman and the Texas Class Members' claims is appropriate because all of Rule 23's class action requisites are satisfied.

100. The number of Texas Class Members is so numerous that joinder of all class members is impracticable.

101. Plaintiff Rehman's Texas state-law claims share common questions of law and fact with the claims of the Texas Class Members.

102. Plaintiff Rehman is a member of the Texas Class, her claims are typical of the claims of other Texas Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Texas Class Members.

103. Plaintiff Rehman and her counsel will fairly and adequately represent the Texas Class Members and their interests.

104. Class certification is appropriate under FED R. CIV. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

105. Accordingly, the Texas Class should be certified as defined in Paragraph 90.

# VI.
# RELIEF SOUGHT

106. Plaintiff Rehman respectfully prays for judgment against THR as follows:

  a. For an Order certifying the FLSA Collective as defined in ¶ 58;

  b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  c. For an Order pursuant to § 16(b) of the FLSA finding THR liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

  d. For an Order certifying the Texas Class as defined in ¶ 90, and designating Plaintiff Rehman as Representative of the Texas Class;

  e. For an Order pursuant to the Texas state law awarding Plaintiff Rehman and the Texas Class Members damages for unpaid wages and all other damages allowed by law;

  f. For an Order awarding the costs of this action;

  g. For an Order awarding attorneys' fees;

  h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  i. For an Order awarding Plaintiff Rehman a service award as permitted by law;

  j. For an Order compelling the accounting of the books and records of THR, at THR's expense (should discovery prove inadequate); and

  k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 7, 2023         Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
    **Clif Alexander**
    Texas Bar No. 24064805
    clif@a2xlaw.com
    **Austin W. Anderson**
    Texas Bar No. 24045189
    austin@a2xlaw.com
    **Carter T. Hastings**
    Texas Bar No. 24101879
    carter@a2xlaw.com
    101 N. Shoreline Blvd., Suite 610
    Corpus Christi, Texas 78401
    Telephone: (361) 452-1279
    Facsimile: (361) 452-1284

**KELLY HART & HALLMAN**

By: /s/ *J. Austin Franklin*
    **J. Austin Franklin**
    Texas Bar No. 24075853
    201 Main Street, Suite 2500
    Fort Worth, Texas 76102
    Telephone: (817) 878-3588
    austin.franklin@kellyhart.com

*Counsel for Plaintiff and Putative Collective/Class Members*